IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:06-cr-00044-RLV-CH-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LARRY EUGENE MORRISON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Morrison's Motion for Return of Property, filed May 24, 2013. (Doc. 325.)

On October 7, 2008, and within the Western District of North Carolina, Morrison was sentenced to 210 months' imprisonment after pleading guilty to conspiracy to possess with intent to distribute methamphetamine. (Doc. 275 at 1.) He presently seeks the return of property taken from his person or home in the Central District of California, including his wallet, necklaces, passport, airline ticket, hotel reservations, and photos seized from his residence.[1]

Federal Rule of Criminal Procedure 41(e), in relevant part, provides that "[a] person aggrieved by . . . the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." Although a post-conviction motion for return of property is a civil action, "Rule 41(e), with its district-of-seizure venue provision, applies to all actions to recover property seized in connection with a criminal investigation, notwithstanding their 'civil' nature." *United States v. Ebert*, 39 Fed. App'x 889, 892 (4th Cir. 2002) (quoting *United States v. Garcia*, 65 F.3d 17, 21 (4th Cir. 1995)). While venue for such a motion is proper in the district of

---

[1] Defendant additionally requests the FBI's photos of his residence, in which he has no ownership interest.

1

trial during a "pending criminal proceeding," the criminal proceeding's conclusion ends the trial court's ancillary jurisdiction to address a Rule 41(e) motion for return of property, and the motion must be made in the district in which the property was seized. *Garcia*, 65 F.3d at 20. Although various efficiencies would be gained by addressing Defendant's motion here and now, *see Ebert*, 39 Fed. App'x at 893–94 (noting that accurate fact-finding, judicial economy, the convenience of the government attorneys, and fairness to the defendant often call for resolution of the motion by the trial court), *Garcia* remains the binding law of this circuit, and it appears to dictate the conclusion that Defendant's Rule 41(e) motion may be made only in the Central District of California.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Return of Property (Doc. 325) be **DISMISSED** without prejudice.

Signed: June 4, 2013

Richard L. Voorhees
United States District Judge