IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00094-RLV
(5:06-CR-00044-RLV-1)

| | |
|---|---|
| LARRY EUGENE MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 Motion will be DISMISSED.

## I. BACKGROUND

On October 17, 2008, Petitioner was sentenced to 210-months' imprisonment following his conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. (5:06-CR-00044, Doc. 275: Judgment in a Criminal Case). On June 14, 2010, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's criminal judgment. United States v. Morrison, 382 F. App'x 348 (4th Cir. 2010). Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States.

On September 19, 2011, Petitioner filed a Section 2255 motion which this Court denied and dismissed on March 18, 2013, and Petitioner appealed to the Fourth Circuit. (5:11-CV-00132-RLV, Doc. Nos. 20 & 23). On June 26, 2013, Petitioner filed the present Section 2255

motion.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

As noted, Petitioner has previously filed a Section 2255 motion that was denied and dismissed on the merits, and Petitioner's appeal from that order of dismissal is presently before the Fourth Circuit. Further, Petitioner's present § 2255 motion attacks the same judgment he challenged in his first § 2255 proceeding, and Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. Consequently, the Court finds that it is without jurisdiction to consider the merits of a successive petition under Section 2255. See United States v. Winestock, 340 F.3d 200, 2006 (4th Cir. 2003).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion be **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 9, 2013

Richard L. Voorhees
United States District Judge